Richmond.

CAMPBELL V. DOTSON.

November 16, 1911.

1. PARTITION—*Fraud—Case in Judgment.*—Where the sole issue made and decided in the trial court was whether or not the complainant had induced one of the defendants to sign a deed of partition by fraudulent representations as to the location of the division line, and no issue was presented as to the incompleteness and consequent nullity of the deed of partition on account of the failure of some of the parties to sign it, and it appears that a partition had been verbally agreed on between the parties, and they had entered upon the shares allotted to them and made improvements, and one of them had conveyed his interests according to the metes and bounds agreed on, a decree partitioning the lands in accordance with the lines set out in the deed will not be disturbed, where the evidence of the alleged fraud falls short of that clear proof which the law requires to establish a fraud.

Appeal from a decree of the Circuit Court of Buchanan county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*E. S. Finney,* for the appellant.

*Chase & Daugherty* and *A. A. Skeen,* for the appellee.

KEITH, P., delivered the opinion of the court.

Shade Dotson filed his bill in the Circuit Court of Buchanan county, from which it appears that he is tenant

in common with Rhoda Dotson and A. W. Campbell in cer-
tain lands in the bill mentioned, he owning one-half, Rhoda
Dotson one-fourth, and A. W. Campbell one-fourth.   There
is filed with the bill a deed, marked Exhibit "F," dated
November 11, 1907, between A. W. Campbell, of Pike
county, Ky., Rhoda Dotson and John S. Dotson, her hus-
band, John H. Dotson and Mary Dotson, his wife, of the
first part, and Shade Dotson, of Buchanan county, Va., of
the second part.  This deed is only executed by A. W. Camp-
bell, John H. Dotson and Mary Dotson, and Campbell in his
answer avers that it is not binding upon him because of
an error contained in it, growing out of the false and
fraudulent representations of Shade Dotson, and that the
facts are as follows:  That he and Shade Dotson "agreed
to partition said land in the deed mentioned, and Dotson
for that purpose had a deed prepared and represented to
respondent that said deed called for a line agreed on be-
tween Pricy Fuller, John H. Dotson and respondent, when
in fact the line put in said deed was not the line agreed on
at all, but a different line, begins at a different point and
runs to a different point to that agreed on and to that
which respondent intended to convey to, and is not the true
division line as agreed on, and that there is error in the
description of the division line; that respondent did not
know when he signed said deed that there was an error and
mistake in it as to the location of the division line; that
Shade Dotson represented to him that the division line in
the deed was the line that had been agreed on, and respond-
ent signed said deed believing it to be the line agreed on as
represented by Shade Dotson."

This was the sole issue tried in the circuit court.  Upon it
evidence was taken, and the circuit court rendered a decree
partioning the land in the bill mentioned in accordance
with the lines set out in the deed, and from that decree A.
W. Campbell has appealed.

In his petition before this court he relies in large measure upon the fact that the partition deed was not signed by all of the parties to it; that it was an incomplete instrument and therefore a nullity; that it being an agreed fact that the land mentioned in the bill was of uniform value, he was entitled to one-fourth of the entire area, which was 153.24 acres instead of 127.35 acres, as allotted to him by the decree.

The record shows that a partition of these lands had been verbally agreed upon between the parties; that they had entered upon the shares so allotted to them and had made improvements; and that one of the tenants in common had conveyed his interest in accordance with the metes and bounds agreed upon between the parties. It further appears that no issue is presented by the pleadings in this cause with respect to the incompleteness and consequent nullity of Exhibit "F." The answer of Campbell sets out the alleged misrepresentation and fraud upon which he relies with much amplification, and at the conclusion of his charge he denies that the deed is binding on him; but it is obvious that this general denial has relation to the specific allegation of fraud as releasing him from the obligation of the deed, and not to the fact that the deed was wholly void.

When we come to consider the evidence upon the charge of fraud, we find it to be wholly insufficient and falls far short of that clear proof of fraud which the law requires.

Upon the whole case, we are of opinion that the decree complained of should be affirmed.

*Affirmed.*